[No. 1779.]

## GEORGE HARRIS *v.* THE STATE.

1. PRACTICE — PLEA.— When the defendant in a felony case pleads guilty, the record must affirmatively show, 1, that he was admonished by the court of the consequences; 2, that he was sane at the time; and 3, that in entering such plea he was uninfluenced by any consideration of fear, or by any persuasion or delusive hope of pardon.

2. SAME.— The State's position that the recital in the judgment that the defendant "in open court duly entered his plea of guilty," shows affirmatively that all the requisites of a valid plea of guilty were complied with, is entitled to no consideration in view of the fact that in his verified motion for new trial, the defendant swears that the court did not admonish him of the consequences of his said plea; and that he was influenced to enter said plea by being told that if he pleaded not guilty he would be awarded a term of five years in the penitentiary, whereas if he pleaded guilty he would get but two years; and especially, in view of the fact that the State did not, as it might have done, take issue with the defendant upon the truth of his said motion for new trial.

APPEAL from the District Court of Bexar. Tried below before the Hon. G. H. Noonan.

The indictment charged the appellant and Ed. Chase, jointly, with the theft of property over the value of $20, of the corporeal personal property of Frank Taylor, on the 28th day of August, 1884. The appellant being alone arraigned for trial, pleaded guilty, and his punishment was assessed at a term of two years in the penitentiary.

The opinion discloses the case.

*A. S. Chevalier*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State. In *Saunders* v. *The State*, 10 Texas Ct. App., 336; *Wallace* v. *The State*, 10 Texas Ct. App., 407, and *Frosh* v. *The State*, 11 Texas Ct. App., 280, it was held by this court that a " plea of guilty is not legal or valid and will not support a conviction unless the accused was admonished of its consequences, and unless the other requirements of the Code were complied with; " and that " the record on appeal must affirmatively show conformity with the prerequisites, or the conviction will be set aside as though no plea was made by or entered for the defendant."

The question in this cause arises as to whether or not the record affirmatively shows that the plea was entered in accordance with the requirements of the statute. The record of the judgment states that . . " defendant George Harris then in open court *duly* entered his plea of *guilty*." It is submitted that if appellant *duly* in open court entered his plea of "guilty," that then all the requirements and prerequisites enjoined by the statute were complied with. Otherwise the plea was not *duly* entered.

It seems that upon reason and principle the same *rule* with reference to the affirmative showing required to be made of record that the jury were sworn ought to apply to the entry of the plea of guilty, and, in that instance, if the record affirmatively shows that the jury was duly sworn, without showing the mode or manner of the administration of the oath, the demands of the rule are sufficiently met. And from the decisions in the above cited cases it is not apparent that the rule as applied to the record of the plea of *guilty* was intended to be extended beyond that as above stated.

However, in this case, in his motion for a new trial — which was sworn to — the appellant denies that he was by the court warned of the consequences of the plea. It appears from the record, as will be seen from the motion for a new trial, that appellant was represented by counsel. And there is nothing in the record to show that his counsel was not with him from the beginning to the end of the trial. From this condition of the record it would seem that the omission of any one or more of the prerequisites to a plea of guilty should at the time have been called to the attention of the court by exception or otherwise, and on failure of the court to supply the omission the points should have been saved by bill of exception for the consideration of this court. Otherwise it may be considered as waived. (Code Crim. Proc., art. 23.) It is not shown by the record

that appellant desired to be confronted by his witnesses, or that he raised any objection to his not being confronted by them, or that he did not waive the introduction of testimony, and rely upon the mercy of the jury in the assessment of the penalty. It does appear from the record that he was not injured by not having been confronted by the witnesses against him, as the lowest penalty allowed by law was assessed against him. There is only one way in which he could have been injured in this respect, and that is upon the idea that the witnesses might have placed the value of the property alleged to have been stolen at less than $20. But as to the value there seems to have been no contest, nor was the point raised in the motion for a new trial, which was virtually a waiver of this point.

There was no written, but a verbal, charge delivered by the court to the jury. But this was not made a ground for a new trial, nor is it assigned as error, and as a matter of course should be presumed to have been waived, and also that a verbal charge was agreed to by appellant.

Willson, Judge. When a defendant in a felony case pleads guilty, the record must affirmatively show, 1, that he was admonished by the court of the consequences; 2, that he was at the time sane; and 3, that in entering such plea he was uninfluenced by any consideration of fear, or by any persuasion or delusive hope of pardon. (Code Crim. Proc., art. 518; *Saunders* v. *The State,* 10 Texas Ct. App., 336; *Wallace* v. *The State,* Id., 407; *Frosh* v. *The State,* 11 Texas Ct. App., 280.)

It is recited in the judgment that the defendant "in open court duly entered his plea of guilty." It is ingeniously contended by the assistant attorney general that this recital affirmatively shows that all the requisites of a valid plea of guilty were complied with. This position would be entitled to consideration were it not for the fact that, in a motion for a new trial sworn to by the defendant, it was directly alleged that the court did not admonish the defendant of the consequences of said plea, and that the defendant was influenced to enter said plea by being told that he would get five years in the penitentiary if he pleaded not guilty, but if he pleaded guilty would get only two years. The State did not take issue with the defendant upon the truth of the causes set forth in his motion for new trial, as it might have done. (Code Crim. Proc., art. 781; *Childs* v. *The State,* 10 Texas Ct. App., 183.)

Such being the state of the record, we must hold that it does not

affirmatively show a valid plea of guilty, but on the contrary shows a conviction obtained in a manner not sanctioned or permitted by the law. (*Wilkins* v. *The State*, 15 Texas Ct. App., 420.) The judgment is reversed and the cause remanded.

*Reversed and remanded.*

[Opinion delivered February 14, 1885.]